NATHAN ROGERS, Sr., Appellant, v. JAMES L. GRAVES,
Respondent.

No. 1011; February 18, 1856.

**The Rule of in Pari Delicto is not to be Invoked in a Case**
arising out of carelessness or indifference on the part of persons deal-
ing with each other as it would be in a case arising out of their
common fraud.

**Evidence.—The Books of Account of One Party** to an action
are not evidence when the entries do not specifically connect the other
party with the transactions they refer to.

APPEAL from the Superior Court, San Francisco County.

Rogers and others, doing business in San Francisco as "The
Hide Company," sued for a balance of account, to wit,
$983.62, for money advanced to the defendant from time to
time at his special request between October 6, 1853, and
March 20, 1855. The answer denied generally and also set
up a counter-indebtedness, a balance of $603.50, for hides sold
to the plaintiffs at times varying between October 6, 1853, and
May 1, 1855. The evidence disclosed very loose ways of
business indulged in by both parties in dealing with each
other. The defendant had a slaughter-house and kept outside
the door a box into which his butchers would throw the hides
as they were removed from the animals they slaughtered, and
the hides would be lifted from the box by the plaintiffs'
teamster, on his daily rounds, and taken to the Hide Com-
pany's establishment, neither party counting them. The de-
fendant kept account of such cattle as he slaughtered in this
way, viz.: every day the number was given by the butchers to
the collector, the collector made a memorandum accordingly
and from this called them off to the defendant each night, if
he happened to be at home, and the defendant then made
appropriate entries in his book in his own hand. If it hap-
pened ever that hides were sold to persons other than the
Hide Company credit was given for them to the Hide Com-
pany in this book. The plaintiff also had a book, one in
which the teamster would jot down the number of hides
daily as he brought them in, but he took hides from many

slaughter-pens besides that of the defendant. A jury was dispensed with at the trial and the defendant's book was admitted in evidence. In deciding the case the court took the view that, although there was no reason to impute fraud to either party, after a transaction carried on in such a slovenly way it was warranted in applying the rule of in pari delicto and leaving the parties as it found them.

Blanding, Calhoun & Wise for appellant; G. B. Tingley for respondent.

HEYDENFELDT, J.—The defendant's books were inadmissible as evidence, for two reasons: 1st. No account was kept in them of any dealings with the plaintiffs. 2d. If they established the fact of the number of cattle killed, it was admitted that the hides from those cattle were sold to others, as well as the plaintiffs, and therefore no certainty could be attained as to the quantity which the plaintiff received.

Judgment reversed and cause remanded.

I concur: Murray, C. J.